UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATIONWIDE SIGNS, LLC     CIVIL ACTION

VERSUS     NO: 17-389

NATIONAL SIGNS, LLC     SECTION: A (1)

## ORDER

Before the Court is a Motion to Dismiss (Rec. Doc. 12) filed by Defendant National Signs, LLC. Plaintiff Nationwide Signs, LLC opposes the Motion. (Rec. Doc. 15). Also before the Court is an Amended Motion to Dismiss (Rec. Doc. 30) filed by Defendant National Signs, LLC. Nationwide opposes the Motion. (Rec. Doc. 31). The Motions, set for submission on March 8, 2017 and May 3, 2017, respectively, are before the Court on the briefs without oral argument.

### I. Background

Plaintiff filed its complaint against Defendant seeking a declaratory judgement of invalidity and non-infringement of Defendant's registered trademark. On January 10, 2017, Defendant sent Plaintiff a cease and desist letter, asserting that Plaintiff's use of the name "Nationwide Signs" violated Section 43(a) of the Lanham Act and infringed on Defendant's trademark "National Signs." Plaintiff then filed suit on January 16, 2017 against Defendant in this Court seeking a declaration of non-infringement. (Rec. Doc. 1). Two days later, Defendant filed its lawsuit against Plaintiff for trademark infringement and violation of Texas law in the United States District Court for the Southern District of Texas, which was transferred to this Court and consolidated with Plaintiff's lawsuit. (Rec. Doc. 16).

### II. Analysis

Defendant moves to dismiss Plaintiff's claims against it under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(5).

1

In the context of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the party asserting jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When ruling on the motion, the district court can rely on the complaint, undisputed facts in the record, and the court's resolution of disputed facts. *Id.* A court should grant the motion only if it appears certain the plaintiff cannot prove any set of facts that would entitle him to recovery. *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When a court hears a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need only present a prima facie case of personal jurisdiction. See *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235 (5th Cir. 2008). A court must accept as true the plaintiff's uncontroverted allegations, so long as the allegations are not merely conclusory, and shall "resolve all factual conflicts in favor of the party seeking to invoke the court's jurisdiction." *Central Freight Lines Inc. v. APA Transp. Corp.*, 322 F.3d 376, 380 (5th Cir. 2003).

Federal Rule of Civil Procedure 12(b)(3) allows a party to dismiss for improper venue. Additionally, dismissal for improper venue is governed by 28 U.S.C. § 1406. Under that statute, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). When venue is challenged, the burden is on the plaintiff to establish that the district he or she chose is a proper venue. ***See** Perez v. Pan American Life Ins. Co.*, 1995 WL 696803, at *2 (5th Cir. 1995). Further, in deciding whether venue is proper, the court may look outside of the complaint and attachments. *Ambraco Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

A Rule 12(b)(5) motion to dismiss calls into question the sufficiency of service of process. Once service of process has been challenged as insufficient, the "plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). A district court has broad discretion to dismiss an action for insufficient service of process under Rule 12(b)(5). *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

### a. Defendant's First Motion to Dismiss

Defendant moves to dismiss Plaintiff's claims against it for lack of personal jurisdiction over Defendant under Federal Rule of Civil procedure 12(b)(2). Defendant states that this Court lacks personal jurisdiction over it because Defendant's only contact in Louisiana consists of shipping signage and installing signage. Plaintiff argues that Defendant's action sending its employees to Louisiana to install signs qualifies as sufficient contact in Louisiana to give this Court personal jurisdiction over Defendant. Additionally, Plaintiff asserts that until 2014, Defendant had a registered agent for service of process in Louisiana.

When a non-resident defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the court's personal jurisdiction over the defendant. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994). Because the Court is not conducting an evidentiary hearing, Plaintiff must establish a prima facie case for the Court's jurisdiction over Defendant. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir.2008). Any disputed facts should be construed in favor of Plaintiff. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008).

Although Plaintiff makes the conclusory statement that Defendant is a resident of Louisiana, Defendant states that this is false, and that it is a non-resident. (Rec. Doc. 27). A federal

court may only exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant; and (2) the exercise of personal jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). Because the limits of the Louisiana long-arm statute are coextensive with constitutional due process limits, the Court need only consider the second step of the inquiry. *Walk Haydel*, 517 F.3d at 242–43 (citing *A & L Energy, Inc. v. Pegasus Grp.*, 791 So.2d 1266, 1270 (La. 2001)).

In order to exercise personal jurisdiction, the due process clause requires that 1) the non-resident have minimum contacts with the forum state, and 2) the exercise of personal jurisdiction not offend "traditional notion of fair play and substantial justice." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999) (citing *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). Minimum contacts can be established through contacts sufficient to assert either specific jurisdiction or general jurisdiction. *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003).

In order for the Court to have specific jurisdiction over Defendant, Defendant must have "purposefully directed its activities" at Louisiana and the litigation must arise out of injuries that are related to Defendant's activities. *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 344 (5th Cir. 2002). The Court finds that it does not have specific jurisdiction over Defendant because the litigation does not arise out of injuries that are related to Defendant's activities in Louisiana. Defendant sent a cease and desist letter to Plaintiff alleging that Plaintiff was infringing on Defendant's trademark in violation of the Lanham Act and Texas Trademark Law, which prompted Plaintiff to file the instant lawsuit. (Rec. Doc. 1-1). The correspondence between Plaintiff and Defendant took place in Texas, and the alleged infringement took place in Texas.

4

Therefore, the lawsuit does not arise out of Defendant's activities in Louisiana, and this Court does not have specific jurisdiction over Defendant.

In order for the Court to have general jurisdiction over Defendant, Defendant's affiliations with Louisiana must be "so continuous and systematic as to render [it] essentially at home" in Louisiana. *Daimler AG v. Bauman*, 134 S.Ct. 746, 749 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2851 (2011)). The Court finds that it does not have general jurisdiction over Defendant because Defendant's affiliations with Louisiana are not so continuous and systematic as to render it essentially at home in Louisiana. Defendant asserts that its only contact in Louisiana is through having signage installed in Louisiana. (Rec. Doc. 12-4).

In its opposition, Plaintiff states that Defendant had a registered agent for service in Louisiana up to 2014. (Rec. Doc. 15).

The Court notes that Plaintiff is correct that Defendant had a registered agent until 2014, and actually reinstated its active status as an LLC in Louisiana in March, 2017.[1] However, in this Circuit, the presence of a registered agent and registered business office is insufficient to support the exercise of general jurisdiction. See *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 181–182 (5th Cir. 1992) (citing *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 375 (5th Cir. 1987) (where the court found that "being qualified to do business ... is of no special weight" in evaluating general personal jurisdiction" and no cases support "the proposition that the appointment of an agent for process and the registration to do business within the state, without more, suffices to satisfy the criteria for the exercise of general jurisdiction.")). Thus, according to the law in this Circuit, the Court does not have general jurisdiction over Defendant because its contacts with Louisiana are not so continuous and systematic as to render it essentially at home.

---

[1] https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=988740_F19BBB809D.

Because Defendant is a non-resident Defendant and the Court finds that it does not have general personal jurisdiction or specific personal jurisdiction over Defendant, the Court must dismiss Plaintiff's claim for lack of personal jurisdiction under Federal Rules of Civil Procedure Rule 12(b)(2).

　　a. **Defendant's Second Motion to Dismiss**

Defendant moves to dismiss Plaintiff's claims against it for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Rec. Doc. 30-1). Defendant asserts that this Court lacks subject matter jurisdiction because Plaintiff's claim under the Declaratory Judgment Act does not confer subject matter jurisdiction, and Plaintiff's claim does not invoke federal trademark law. Plaintiff argues that this Court has subject matter jurisdiction because the action arises under United States trademark laws and pursuant to the Declaratory Judgment Act. (Rec. Doc. 31). Having already found that this Court does not have personal jurisdiction over Defendant, the Court need not address subject matter jurisdiction.

Accordingly;

**IT IS ORDERED** that the Motion to Dismiss (Rec. Doc. 12) filed by Defendant National Signs, LLC is **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Rec. Doc. 30) filed by Defendant National Signs, LLC is **DENIED AS MOOT**.

New Orleans, Louisiana this 7th day of July 2017.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　JAY C. ZAINEY
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE